GEORGE E. WALLACE *et als. vs.* ALFRED W. STEVENS *et als.*

64 225
95 264

*Proceedings in equity to redeem a mortgage.*

When a mortgagor sells portions of the mortgaged premises in different parcels and at different times, that, which he retains, will, in equity, be held primarily liable for the whole debt.

When a bill to redeem is brought by five complainants, claiming to redeem two several mortgages, a demand by one of the co-complainants made long before the title of the others accrued, will not enure to their benefit.

BILL IN EQUITY, inserted in a writ, dated March 28, 1873, brought to redeem, from a mortgage thereon, certain described premises.

The bill, brought by five complainants, Wallace, Sanborn, Wyman, Kimball and Fogler, against Alfred W. Stevens, Harrison Stevens, Gould and Chapman, alleged that Harrison Stevens was seized in fee or otherwise of about one hundred and twenty-six acres of land in Jackson on the twenty-ninth day of July, 1867, and on that day mortgaged it to Alfred W. Stevens, and on the

twenty-eighth day of October, 1869, conveyed twenty-five acres of it by deed of warranty, to Gould and Chapman; and on the second day of November, 1871, mortgaged about seventy-five acres of it (lying in two lots) to David Lincoln; that on the twenty-second day of December, 1871, all the right which said Harrison had, on the tenth day of November, 1871, (when the same was seized upon a warrant of distress) to redeem this last named parcel of seventy-five acres was sold to George E. Wallace; that Alfred W. Stevens, on the twenty-sixth day of December, 1871, took possession of the premises to foreclose his mortgage of July 29, 1867, and has since continued in possession; that on the twenty-eighth day of December, 1872, the said Harrison's right to redeem above twenty-five acres of the original tract, not conveyed by him except in mortgage to said Alfred (as aforesaid) was sold to the four complainants, Sanborn, Wyman, Kimball and Fogler, at sheriff's sale; that on the twenty-sixth day of December, 1871, the complainant, Wallace, demanded an account of the sum due of said Alfred, who refused to give it, claiming his whole note and interest, which the bill alleges is more than was then really due; but it appeared by evidence that this demand and refusal were some hours before the Lincoln mortgage was assigned to said Alfred. The bill further averred that Gould and Chapman pretended that Alfred W. Stevens conveyed to them, for $200, all his interest in the parcel of twenty-five acres bought by them of said Harrison, but that no such deed was ever recorded.

The complainants prayed for an account and to be admitted to redeem.

*George E. Wallace* and *William H. Fogler* for the complainants.

We are entitled, not only to relief but to costs against Alfred W. Stevens for his refusal to account on demand. *Roby* v. *Skinner*, 34 Maine, 270; *Pease* v. *Benson*, 28 Maine, 336.

Harrison Stevens, Gould and Chapman are rightfully made parties. *Lovell* v. *Farrington*, 50 Maine, 239; *Stone* v. *Bartlett*, 46 Maine, 438.

Gould and Chapman should contribute proportionally, to the cost of redemption. *Bailey* v. *Myrick*, 50 Maine, 171.

*Joseph Williamson* for the defendants.

Wallace's demand, a year before the others had any interest, cannot avail to support this bill, even had it been made at a proper time and place, which it was not, having been made at a store, two miles from the mortgagee's residence. *Brown* v. *Snell*, 46 Maine, 490 ; *Roby* v. *Skinner*, 34 Maine, 270 ; *Putnam* v *Putnam*, 13 Pick., 129 ; *Willard* v. *Fiske*, 2 Pick., 540.

Complainants cannot have costs in this case, where the debt exceeds the value of the land held by Alfred W. Stevens. They should be deducted from the debt. *Battle* v. *Griffin*, 5 Pick., 167.

Appleton, C. J. This is a bill brought to redeem two mortgages given by Harrison Stevens, one to the defendant, Alfred W. Stevens, and the other to David Lincoln.

It seems that Harrison Stevens, one of the defendants, upon the twenty-ninth day of July, 1867, being seized in fee of a tract of land in Jackson containing about one hundred and twenty-six acres, mortgaged the same to Alfred W. Stevens ; and that upon the twenty-eighth day of October, 1869, he conveyed by deed of warranty twenty-five acres of the mortgaged premises to Gilman Gould and William B. Chapman. The effect of this conveyance was to impose the whole of the mortgaged debt upon the remaining portion of the mortgaged premises, if of sufficient value, as against all but the mortgagee. In such event, Gould and Chapman would not be required to contribute. *Cushing* v. *Ayer*, 25 Maine, 383 ; *Holden* v. *Pike*, 24 Maine, 427. Where a mortgagor sells a portion of the land mortgaged, in different parcels, that, which he retains, will be held primarily liable in equity for the whole debt. *Brown* v. *Simons*, 44 N. H., 475.

It further appears that upon the second day of November, 1871, said Harrison Stevens conveyed in mortgage to David Lincoln two other portions of the mortgaged premises, containing seventy-five acres.

Upon the twenty-second day of December, 1871, the complainant, Wallace, at a sheriff's sale, became the purchaser of the equity of redemption of the mortgage last-mentioned.

Upon the twenty-sixth day of December, 1871, said Wallace made a demand upon Alfred W. Stevens to render a true account of the sum due him on the mortgage from Harrison Stevens, dated July 29, 1867, and of the rents and profits, which he declined doing.

On the same day, December 26, 1871, but after the demand to account, David Lincoln assigned his mortgage before described to Alfred W. Stevens, who on the twenty-ninth day of December, 1871, took possession of the premises described in the mortgage to him of July 29, 1867, for the purpose of foreclosing the same.

The bill then alleges that the other four complainants, upon the twenty-eighth day of December, 1872, became the purchasers of all the right in equity that said Stevens had on the seventeenth day of December, 1871, to redeem the remainder of the original mortgage to Alfred W. Stevens, and being the residue of the first mortgaged premises, after deducting what had been previously sold or mortgaged, and containing twenty-five acres.

It thus appears that the demand made by Wallace upon the twenty-sixth day of December, 1871, was nearly a year before the other complainants had acquired any title whatever to redeem the premises, or any portion of the same ; nor was it certain that they ever would acquire such title. They have never made any demand upon the defendant, Alfred W. Stevens, to render a true account of the sum due on his mortgage and of the rents and profits. They cannot take advantage of a demand made before their title accrued. A bill in equity cannot be maintained against an assignee of a mortgage by virtue of a tender to a previous assignee who has since parted with all his interest. *Williams v. Smith*, 49 Maine, 564. So, here, a demand made before the title of four out of five of the complainants accrued cannot enure to their benefit. The defendant has never been required by them to render an account of the amount due on the mortgage they

seek to redeem, nor of its rents and profits, &c. He has, therefore, neither neglected nor refused to render such account, for he has never been asked.

It is sought to redeem the mortgage to Lincoln of November 2, 1871; but the evidence shows that the assignment of that mortgage to A. W. Stevens was not made until after the demand of Wallace, who had the equity of its redemption, was made. There has, therefore, been no demand on any one, so far as relates to this mortgage. The bill therefore must fail.

*Bill dismissed, without prejudice.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.